HANCOCK COUNTY, et al. *v.* STATE EX REL. HOLLEMAN.

No. 41375          February 8, 1960          117 So. 2d 794

*Michael Haas,* Bay St. Louis; *Earle L. Wingo,* Hattiesburg, for appellants.

*Buntin & Martin,* Gulfport, for appellees.

McGehee, C. J.

On November 24, 1951, the Board of Supervisors of Hancock County changed the boundary line between supervisors' districts numbers 4 and 5 in said county. In September 1952 numerous qualified electors

filed their original bill of complaint in their own names asking that the order of the board of supervisors changing the boundary line between the said supervisors' districts be set aside, and that the complainants be awarded $20,000 in actual damages and $20,000 in punitive damages against the individual members of the board of supervisors and the sureties on their official bonds. There was no allegations in the bill of complaint as to how or why the changing of the boundary line between the two supervisors' districts had caused the alleged damages to the complainants, as sued for. Later an amended bill was filed on the relation of the District Attorney merely to set aside the order complained of. The chancery court overruled the demurrers to the amended bill of complaint on the ground that, among other things, there was in fact equity stated on the face of the bill of complaint. And among the other grounds upon which the complainants sought to have the action of the board of supervisors set aside and held for naught was that one of the members of the board of supervisors, Joseph C. Jones, was not present and did not vote for the order at the time the same was voted for by the other members of the board, and it was pointed out that the board of supervisors is authorized to change the boundary line between supervisors' districts only by a unanimous vote of the members of the board. However, the order was valid on its face and the minutes disclosed that Mr. Jones had signed the order as well as the other members of the board. It was urged by the defendants that the order being regular and valid on its face was not subject to collateral attack. The chancellor overruled the demurrers to the bill of complaint and denied an interlocutory appeal to this Court from such action, but an interlocutory appeal was later granted by a member of this Court from the action of the chancellor overruling the demurrer.

It appears that the former chancellor of the district had granted an injunction to the complainants, and that

the same has never been dissolved. The action of the board of supervisors in changing the boundary line between the two supervisors' districts should not have been enjoined, since the board had statutory authority for taking such action by a unanimous vote of its members.

The demurrers to the amended bill of complaint should have been sustained instead of being overruled, and the injunction should have been dissolved. The cause must therefore be reversed, the injunction dissolved, the several individuals for whom the suit was brought by the District Attorney should be assessed with the costs, and the cause remanded for further proceedings, if desired, not insconsistent with this opinion.

Reversed, injunction dissolved, and cause remanded.

All justices concur.